0001
Stanley W. Parry, Esq.
Nevada Bar No. 1417
Shane Jasmine Young, Esq.
Nevada Bar No. 9457
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
100 City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070

Attorneys for Defendant,
Litton Loan Servicing

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL ADEFRIS and EMEBET K. MENGESHA,<br><br>        Plaintiff,<br><br>vs.<br><br>NEW CENTURY MORTGAGE CORPORATION, LITTON LOAN SERVICING, NATIONAL DEFAULT SERVICING CORPORATION, and DOES I-X, ROES I-X inclusive,<br><br>        Defendants. | CASE NO. 2:09-cv-00730- ECR-RJJ<br><br>**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>and<br><br>**MOTION TO STRIKE**<br><br>(Formerly Case No. A582392 in the Eighth Judicial District Court, Clark County, Nevada) |

Defendant Litton Loan Servicing ("Litton") hereby moves pursuant to Fed.R.Civ.P 12(b)(6) to dismiss Plaintiffs Gabriel Adefris and Emebet K. Mengesha's ("Plaintiffs") Complaint (the "Complaint") for failure to state a claim upon which relief can be granted.

This motion is based on the pleadings and papers on file herein and on the following Memorandum of Points and Authorities.

///

///

///

///

DMWEST #7046727 v1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs allege numerous claims arising out of a home mortgage loan originated and funded by Defendant New Century Mortgage Corporation ("New Century Mortgage"). See Compl. at ¶¶ 3(a), 9, and 11. Litton, a company whose business includes the servicing of home mortgage loans, subsequently became the servicer of the loan at issue. Litton was not involved in the loan application process or the funding of the loan. Plaintiffs ceased making payments on the loan and now attempts to avoid foreclosure by pursuing this copy-cat civil action.

Plaintiffs fail to state any cognizable claims against Litton. The claims stated against Litton fail as a matter of law because they are premised on purported duties that do not exist. In addition, the Complaint is pled in such a vague and non-committal manner that it fails to provide Litton with any notice of the nature and basis of the claims asserted against it. Plaintiffs refer to all defendants interchangeably, even though there are considerable differences in the roles played by the defendants in this matter. Further, Plaintiffs provide very limited factual information about the nature and basis of their claims. In short, the Complaint fails to state a claim upon which relief can be granted. Accordingly, the Court should dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## II.

## STATEMENT OF FACTS

Plaintiffs' Complaint is pled in an exceedingly vague and conclusory manner, which makes responding to Plaintiffs' allegations difficult. Despite the difficulty of ascertaining the nature and basis of Plaintiffs' claims, all of the causes of action stated in the Complaint appear to be based on the following factual predicates:

- Plaintiffs are the owners of property located at 5912 Fly Fisher, Las Vegas, NV 89113 (the "Property"). (See Compl. at ¶ 1.)

DMWEST #7046727 v1

2

- Defendant New Century Mortgage was the original lender for Plaintiffs' mortgage on the Property, which is secured by a first deed of trust. (See Compl. at ¶¶ 3(a).)

- Litton has claimed an interest in the Property as either a loan servicer, trustee, or beneficiary. (See Compl. at ¶¶ 3(b) and 9.)

- Plaintiffs were not made aware of the terms and conditions of the loan they obtained in February 2002 from New Century. (See Compl. at ¶ 12).

- The loan obtained by Plaintiffs in February 2002 was not suitable for Plaintiffs in light of their economic situation. (Id.)

- The loan obtained by Plaintiffs in February 2002 exceeded the expected value of Plaintiffs' home. (Id.)

- The defendants herein acted in concert with the objective of harming Plaintiffs. (Id.)

Based on these vague, non-committal averments, Plaintiffs purport to state the following claims against Litton: (i) suitability; (ii) negligence; (iii) negligence per se; (iv) breach of fiduciary duty; (v) negligent misrepresentation; (vi) intentional misrepresentation; (vii) breach of the implied covenant of good faith and fair dealing; (viii) to restrain a wrongful foreclosure; and (ix) unfair lending practices.

Many of Plaintiffs' claims fail as a matter of law, or are simply not cognizable causes of action. In addition, the Complaint fails to plead sufficient factual allegations to establish the elements of the claims against Litton. In summary, Plaintiffs' claims are deficient as follows:

(1) **Suitability -- Suitability is not a recognized civil claim.** Plaintiffs can prove no facts that would give rise to liability by Litton for "suitability." In addition, the suitability claim is exceedingly vague, and there is absolutely no support for the existence of a "suitability" duty anywhere in the law.

(2) **Negligence -- Litton did not owe Plaintiffs a negligence duty of care.** Plaintiffs' negligence claim against Litton fails as a matter of law because Litton did not owe Plaintiffs a negligence duty of care. Litton was Plaintiffs' loan servicer, and loan servicers do not owe borrowers a negligence duty of care. In addition, Plaintiffs' alleged damages are purely economic, which

precludes recovery under the economic loss doctrine. Finally, the Complaint does not give Litton any notice of how it breached a purported duty of care.

(3) **Negligence per se -- Plaintiffs cannot point to a single statute violated by Litton.** Plaintiffs' negligence per se claim fails because Plaintiffs cannot identify a single statute or regulation violated by Litton. In addition, the Complaint does not say anything about the class of persons protected by the statutes supposedly violated by Litton, the interests invaded by Litton, the harm suffered by Plaintiffs or the hazard from which Plaintiffs' harm derived.

(4) **Breach of fiduciary duty -- Litton did not owe Plaintiffs any fiduciary duties.** Plaintiffs' claim for breach of fiduciary duty fails as a matter of law because Litton did not owe Plaintiffs any fiduciary duties.

(5) **Negligent and intentional misrepresentation -- Plaintiffs' misrepresentation claims are not pled with particularity**. Plaintiffs' claims for negligent and intentional misrepresentation are devoid of any information regarding (i) what statements were made, (ii) who made the statements, (iii) why the statements were false, (iv) when the statements were made, and (v) how the statements were made. Plaintiffs' claims for misrepresentation fall short of the pleading requirement imposed by Rule 9(b).

(6) **Breach of the implied covenant of good faith and fair dealing -- Plaintiffs do not allege any facts that would constitute breach of the implied covenant of good faith and fair dealing by Litton.** Plaintiffs allege that Litton breached the implied covenant before the contract existed. Prior to the formation of a contract, however, there is no implied duty of good faith and fair dealing.

DMWEST #7046727 v1                                4

(7) **Unfair lending practices -- This claim is not properly pled, and in any event, the statute does not apply to Litton as a loan servicer.** Plaintiffs do not allege any facts that, if true, would constitute a violation of NRS § 598D.100. In addition, Litton cannot be liable to Plaintiffs under NRS Chapter 598D because it did not fund Plaintiffs' mortgage loan.

(8) **Restraining a wrongful foreclosure – Plaintiffs' request for injunctive relief fails because their underlying claims all fail as a matter of law.** This claim also fails because Plaintiffs have not "done equity" themselves.

In light of these deficiencies, Plaintiffs' Complaint fails to state any legally cognizable claims against Litton. The Complaint should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### III.
### LEGAL ARGUMENT

**A.   Standard of Review**

The standard applicable to this motion is a familiar one. A motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) should be granted if it appears to a certainty that the plaintiff would not be entitled to any relief under any set of facts that could be proved. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). When considering a motion to dismiss for failure to state a claim, the Court should view Plaintiffs' allegations in the light most favorable to Plaintiffs. Id. However, this Court is not required to assume the truth of allegations that are merely conclusory, nor is the Court required to make "unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). See also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (noting that courts will not assume the truth of legal conclusions merely because they are cast in the form of factual allegations); G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc., 460 F.Supp.2d 1426, 1261 (D.Nev. 2006) (unsupported characterizations and legal conclusions are not well-pleaded allegations and do not suffice to defeat a motion to dismiss).

Rule 12(b)(6) provides for dismissal of a claim **with prejudice** if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). The determinative question is therefore whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle the plaintiff to some relief. Swierkiewicz v. Sorema N.A., 535 U.S. 506, 514, 122 S.Ct. 922 (2002). Finally, a court may dismiss a claim where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

As set forth below, Plaintiffs' Complaint fails to state any grounds for relief. Plaintiffs' Complaint should therefore be dismissed pursuant to Rule 12(b)(6).

**B.    Plaintiffs' Claims Fail as a Matter of Law**

**1.    Plaintiffs fail to state a claim for suitability**

Plaintiffs' First Claim for Relief (for suitability) consists of one paragraph and is entirely based on Plaintiffs' contention that the defendants "retained a professional duty and obligation to Plaintiffs to ensure that only those loans which were most suitable to their personal financial condition, the property at issue, and their financial well-being, would be presented" to them. See Compl. at ¶ 13. This claim centers on the original lending transaction that did not involve Litton. As such, Plaintiffs' suitability claim is not directed at Litton.

To the extent that Plaintiffs' "suitability" claim is meant to include Litton, it fails as a matter of law because none of the defendants -- least of all Litton -- owed these duties to Plaintiffs. Cf. Wagner v. Benson, 101 Cal.App.3d 27, 34, 161 Cal.Rptr. 516 (1980) (noting that the success of a borrower's investment is not a benefit of the loan agreement for which the lender is under a duty to protect.). In addition, "suitability" is not a cognizable claim for relief by a borrower against a mortgage lender, and the claim against

Litton as a loan servicer is even more attenuated.[1]  In summary, Litton did not owe Plaintiffs the duties that they identify in paragraph 13 as the predicate for this suitability claim.

Not only does the suitability claim fail as a matter of law, it also fails to give Litton any notice of the nature and basis of the claim.  Even assuming, for the purpose of argument, that this duty exists (which it does not), Plaintiffs plead no facts that would suggest that such a duty applies to Litton -- or to any of the other defendants.  Moreover, Plaintiffs do not specify which defendants owed them this duty, nor do they indicate what conduct on Litton's part resulted in a breach of this duty.  Thus, Plaintiffs' suitability claim fails to state a claim even under the liberal notice pleading standard.

In summary, Plaintiffs' suitability claim fails for the following reasons:  (a) there is no cognizable cause of action for "suitability;" (b) Litton did not owe Plaintiffs the duties identified in paragraph 13 of the Complaint; and (c) the Complaint does not provide Litton with any notice of the nature and basis of the suitability claim.  Plaintiffs' suitability claim should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

### 2.    Plaintiffs fail to state a claim for negligence

To state a claim for negligence against Litton, Plaintiff must set forth allegations sufficient to establish the following elements:  (1) that Litton owed Plaintiffs a duty of care; (2) that Litton breached this duty of care; (3) that the breach was the legal and proximate cause of Plaintiffs' injury; and (4) that the Plaintiffs suffered damages.  <u>Hammerstein v. Jean Dev. West</u>, 111 Nev. 1471, 1475, 907 P.2d 975, 977 (1995).

---

[1]  Far from being a cause of action as alleged by Plaintiffs, "suitability" refers to a condition precedent to the grant of a license or other privilege by a state regulatory authority.  See, e.g., <u>State v. Glusman</u>, 98 Nev. 412, 428, 651 P.2d 639, 649 (1982) (holding that a statute allowing a state agency to require that a corporation demonstrate suitability as a condition precedent to a gaming license is constitutional); <u>Nevada Tax Comm'n v. Hicks</u>, 73 Nev. 115, 121, 310 P.2d 852, 855 (1957) (noting that the Nevada Tax Commission has a duty to determine the suitability of gaming license applicants); <u>State Taxicab Auth. v. Greenspun</u>, 109 Nev. 1022, 862 P.2d 423 (1993) (noting that an applicant for a taxi cab license must demonstrate suitability); and <u>Nevada v. Watkins</u>, 943 F.2d 1080 (9th Cir. 1991) (addressing issue of whether the Yucca Mountain waste repository is suitable to store nuclear waste).

Plaintiffs attempt to state a claim for negligence by purporting to impute the following duties to Litton: (i) a duty to elevate Plaintiffs' interests above its own interests; (ii) a duty to deal honestly with Plaintiffs; (iii) a duty to deal directly with clients; and (iv) a duty of accuracy. See Compl. at ¶ 14.

Plaintiffs' claim for negligence fails as a matter of law because the duties they postulates in paragraph 14 of the Complaint do not actually exist in the law. As "a general rule, **a financial institution owes no duty of care to a borrower** when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53, 56 (1991) (emphasis added). The success of a borrower's investment is not a benefit of the loan agreement which the lender is under a duty to protect. Wagner, 101 Cal.App.3d at 34, 161 Cal.Rptr. 516. "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" Id. at 35, 161 Cal.Rptr. 516, quoting Conner v. Great Western Sav. & Loan Assn., 69 Cal.2d 850, 864, 73 Cal.Rptr., 369 (1968). Nowhere in the Complaint do Plaintiffs allege -- nor can they allege -- that Litton "actively participate[d] in the financed enterprise [i.e., Plaintiffs' purchase of the property] beyond the domain of the usual money lender." In addition, as shown above, lenders do not owe borrowers a negligence duty as a matter of law. The relationship between a servicer and a borrower is even more attenuated; a servicer merely administers the debt-service for a credit agreement that has already been executed by the borrower. A servicer is not an agent for the borrower.

Plaintiffs' negligence claim therefore fails because Plaintiffs cannot allege sufficient facts to establish that Litton owed them a negligence-based duty of care. The Court should therefore dismiss Plaintiffs' negligence claim. See Balistreri, 901 F.2d at 699 (dismissal is proper if there is an absence of sufficient facts alleged under a cognizable theory).

1	Plaintiffs' negligence claim also fails because of the economic loss doctrine. Nevada has recognized the economic loss doctrine, which precludes recovery in tort for purely economic losses. See Calloway v. City of Reno, 116 Nev. 250, 993 P.2d 1259 (2000). While the Nevada Supreme Court has not had occasion to apply the economic loss doctrine in the lender-borrower context, the United States District Court for the District of Nevada predicted that the Nevada Supreme Court would indeed apply the doctrine in the lender-borrower context. YeringtonFord, 359 F.Supp.2d at 1080-81. The economic loss doctrine bars Plaintiffs' recovery under a negligence theory because Plaintiffs' purported damages are purely economic; Plaintiffs' action arises entirely out of what they readily admit was a financial transaction. Thus, even assuming that Litton owed Plaintiffs a negligence duty -- which, as described above, it did not -- this claim for relief would still fail as a matter of law because of the economic loss doctrine. This Court should therefore dismiss Plaintiffs' Second Claim for Relief for failure to state a claim upon which relief can be granted.

### 3. Plaintiffs fail to state a claim for negligence per se

The elements for negligence per se are the same as the elements of common law negligence -- namely duty, breach, causation, and injury. The difference between negligence and negligence per se is that in negligence per se, the existence of a statute satisfies the element of duty and the violation of a statute satisfies the elements of causation and breach. See Ashwood v. Clark County, 113 Nev. 80, 86, 930 P.2d 740, 744 (1997). However, the violation of a statute only satisfies the elements of causation and breach "if the injured party belongs to the class of persons that the statute was designed to protect, and the injury is of the **type** against which the statute was designed to protect." Id. (emphasis in the original). Negligence per se steps in to supply a duty of care only if the following conditions are met: (a) Plaintiffs belong to the class of persons protected by the statute alleged to be breached; (b) the statute protects the particular interest alleged to be invaded by the defendant; (c) the statute protects against the type of harm alleged; and (d) the statute protects against the hazard from which the type of

harm protected-against results. See Sagebrush Ltd. v. Carson City, 99 Nev. 204, 207, 660 P.2d 1013, 1015 (1983), citing, Restatement (Second) of Torts § 268. In short, Plaintiffs must demonstrate that the purpose of the statute alleged to be breached was to protect against the hazard and harm that occurred. Maxwell v. Amaral, 79 Nev. 323, 328, 383, P.2d 365, 3689 (1963).

Plaintiffs fail to provide Litton with fair notice of the basis of their negligence per se claim. Plaintiffs limit their factual averments in support of this claim to two points: (i) Plaintiffs are members of the class of citizens protected by statutes (see Compl. at ¶ 18), and (ii) Defendants (including, presumably, Litton) violated these statutes (Id.). Plaintiffs do not provide **any** information regarding the following:

- Statutes violated. Plaintiffs do not identify a single statute breached by Defendants. While Plaintiffs mention entire chapters of the Nevada Revised Statutes, they do not cite a single statute that was violated. As shown below, this shortcoming is sufficient in its own right to warrant dismissal.

- Class of persons protected. While Plaintiffs claim to belong to the class of citizens protected by statutes, they do not identify or otherwise describe the class.

- Interests invaded. Plaintiffs do not provide any information as to what interests Defendants invaded.

- Harm. Plaintiffs do not specify what type of harm they suffered as a result of the violation of statutes by Defendants.

- Hazard: Plaintiffs do not identify the type of hazard from which their alleged harm resulted.

While the notice pleading standard applies to Plaintiffs' negligence per se claim, Plaintiffs' Complaint falls short of this liberal pleading standard because it does not provide any notice of the basis for the claim. The above-listed points are central considerations that pertain directly to the elements of negligence per se; even a simple analysis of the basis of Plaintiffs' claim would require information regarding these points. In the absence of even one allegation that speaks to these issues, Litton simply cannot know why it is being charged with negligence per se. The Complaint therefore fails to state a claim for negligence per se.

1   Plaintiffs also fail to state a negligence per se claim because they do not identify
2   what statutes Defendants breached. Instead, Plaintiffs simply allege in a vague,
3   conclusory manner that they violated various statutory schemes. Thus, while Plaintiffs
4   allege that the defendants violated various acts, Plaintiffs fail to identify a single provision
5   from these enactments that Defendants violated. Plaintiffs' failure to identify any
6   statutory violations is fatal to their claim for negligence per se. See, e.g., Blinn v. Smith &
7   Nephew Richards, Inc., 55 F.Supp.2d 1353, 1361 (M.D.Fla. 1999); Holler v. Cinemark
8   USA, Inc., 185 F.Supp.2d 1242, 1243-44; Getz v. Mercedez-Benz of Bakersville, 2004
9   WL 902119, 10 (Cal.App.3 Dist.) ("For negligence per se to apply, however, the plaintiffs
10  must identify a specific statute which imposes a specific standard of conduct upon
11  defendant . . .").

12  In conclusion, Plaintiffs' Complaint fails to state a claim for negligence per se.
13  The Court should therefore dismiss the Third Claim for Relief pursuant to Fed.R.Civ.P.
14  12(b)(6).

15  **4.    Plaintiffs fail to state a claim for breach of fiduciary duty**

16  Plaintiffs' Fourth Claim for Relief (for breach of fiduciary duty) fails as a matter of
17  law because Litton did not owe Plaintiffs any fiduciary duty. Plaintiffs claim that a
18  fiduciary relationship between Plaintiffs and the defendants (including, presumably,
19  Litton) arose out of either (i) an agency relationship or (ii) Defendants' role in closing the
20  loan transaction. See Compl. at ¶ 22. This is inadequate to state a claim because Litton
21  did not owe Plaintiffs any fiduciary duty. Litton is not required to place Plaintiffs' interests
22  above its own. Moreover, Plaintiffs do not set forth any allegations that would make even
23  a rudimentary showing of a special relationship between themselves and Litton, nor do
24  they plead any facts that would suggest the existence of a fiduciary duty.

25  While the Nevada Supreme Court has not ruled on the issue of whether a creditor
26  owes a fiduciary duty to a debtor, the United States District Court for the District of
27  Nevada has predicted that the Nevada Supreme Court would hold that a lender does not
28  owe a fiduciary duty. See YeringtonFord, Inc. v. General Motors Acceptance Corp., 359

1  F.Supp.2d 1075, 1090 (D. Nev. 2004) ("the Court is satisfied that the Nevada Supreme Court would hold that an arms-length lender-borrower relationship **is not fiduciary in nature**, absent exceptional circumstances") (emphasis added). The result in YeringtonFord is consistent with the holdings of many courts in sister jurisdictions. See, e.g., Oaks Management Corp. v. The Superior Court of San Diego County, 145 Cal.App.4th 453, 466, 51 Cal.Rptr. 561, 570 (2006) ("it is established that absent special circumstances a loan transaction is at arms-length and **there is no fiduciary relationship between the borrower and lender**") (emphasis added). See also AM Cosmetics, Inc. v. Solomon, 67 F.Supp.2d 312, 320 (S.D.N.Y. 1999) (interpreting New York law); Keys Jeep Eagle, Inc. v. Chrysler Corp., 897 F.Sup.. 1437, 1443 (S.D.Fla. 1995 (applying Florida law); GE Capital Mortg. Services, Inc. v. Pinnacle Mortg., 897 F.Supp. 854, 863 (applying Pennsylvania law).

Absent exceptional circumstances, a lender does not owe a borrower any fiduciary duty. The Nevada Supreme Court has established a two-pronged test to determine if a special relationship exists: (1) whether the conditions would reasonably cause the borrower to place special trust and confidence in the lender, and (2) whether the lender reasonably would have known of this confidence. YeringtonFord, 359 F.Supp.2d at 1090-91. Examples of exceptional circumstances include the following: where the lender is also the seller (Mackintosh v. Cal. Fed. Sav. & Loan Ass'n, 935 P.2d 1154, 1159, 113 Nev 393, 400 (1997)); where there is ongoing conduct between the parties (AM Cosmetics, 67 F.Supp.2d at 320); and where the lender "gains substantial control" over the borrower's business affairs (Keys Jeep Eagle, 897 F.Sup. at 1443).

Even assuming that the allegations set forth in paragraph 22 are true -- **which Litton denies** -- they are not sufficient to establish the existence of a fiduciary relationship between Plaintiffs and Litton. As shown above, the relationship between a lender and a borrower is not fiduciary in nature. The relationship between Litton, as servicer, and Plaintiffs, as borrowers, is even more removed since borrowers do not repose any degree of confidence or reliance on a servicer. Plaintiffs do not make any

factual allegations suggesting that Plaintiffs placed special trust and/or confidence in Litton, or that Litton had reason to know about any such trust and/or confidence. Simply stated, the allegations set forth in Plaintiffs' Fourth Cause of Action are insufficient as a matter of law to create a special relationship. Thus, Litton did not owe Plaintiffs any fiduciary duty. The Complaint therefore fails to state a claim for breach of fiduciary duty and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### 5. Plaintiffs fail to state claims for intentional and negligent misrepresentation

Plaintiffs' Fifth Claim for Relief (for negligent misrepresentation) and Sixth Claim for Relief (for intentional misrepresentation) fail as a matter of law. Plaintiffs' claim for intentional misrepresentation must be pled with particularity pursuant to Rule 9(b). See, e.g., Henry v. Lehman Commer. Paper, Inc., 417, F.3d 977, 998 (9th Cir. 2005); Barrier Specialty Roofing & Coatings, Inc. v. ICI Paints North America, 2008 WL 1994947, 11 (E.D. Cal. 2008). The claim for negligent misrepresentation likewise requires pleading with particularity. See, e.g., G.K. Las Vegas Limited Partnership v. Simon Property Group, 460 F.Supp.2d 1222, 1244 (D.Nev. 2006). "Claims for . . . negligent misrepresentation must meet the heightened pleading standard requirements of Rule 9(b)." Glen Holly Entertainment, Inc. v. Tektronix, Inc., 100 F.Supp.2d 1086, 1093 (C.D.Cal. 1996), citing, 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1297, at p. 582 (1990). "It is well established in the Ninth Circuit that both **claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement**." Id. (emphasis added). See also Neilson v. Union Bank of Cal., N.A., 290 F.Supp.2d 1101, 1141 (C.D.Cal. 2003) (holding that negligent misrepresentation claims plead a species of fraud, and must meet Rule 9(b)'s particularity requirement).

The pleading standard applicable to these claims is governed by Rule 9: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a

person's mind may be alleged generally." See Fed. R. Civ. P. 9(b). Plaintiffs' claims are not pled with the particularity required by Rule 9(b).

"To satisfy Rule 9(b)'s requirements, the complaint 'must set forth more than the neutral facts necessary to identify the transaction.'" Thorne v. Wagner, 2007 U.S. Dist LEXIS *8 (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 993 (9th Cir. 1999)). The Ninth Circuit has defined "neutral facts" to mean the "time, place, and content of an alleged misrepresentation." Yourish, 191 F.3d at 993. The plaintiff must also set forth "what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." Id.

Despite the requirement that Plaintiffs plead the intentional and negligent misrepresentation claims with particularity, Plaintiffs' only factual averments in support of the intentional misrepresentation claim are that unspecified defendants knowingly misrepresented information including (i) the nature of the loan; (ii) that a mortgage of a sub-prime nature was in Plaintiffs' benefit; and (iii) other unspecified intentional misrepresentations. See Compl. at ¶ 30. The pleadings in support of the negligent misrepresentation claim are even less adequate; in support of this claim, Plaintiffs merely say that some unspecified defendants made false statements. Id. at ¶ 26. Plaintiffs' allegations fall far short of the particularity required by Rule 9(b):

- Time. Under Rule 9(b), Plaintiffs are required to provide particularity with respect to the time when an alleged fraudulent misrepresentation was made. Plaintiffs, however, do not provide any information regarding the time of Litton's alleged misrepresentations.

- Place. Under Rule 9(b), Plaintiffs are required to provide particularity with respect to the place where the alleged fraudulent misrepresentation was made. Plaintiffs, however, do not provide any information as to the place of Litton's supposed misrepresentations.

- Manner/Content. Under Rule 9(b), Plaintiffs are required to provide particularity with respect to the content and manner in which the alleged fraudulent misrepresentation was made. Plaintiffs, however, do not provide any information as to the manner of Litton's supposed misrepresentations. Under Rule 9(b), Plaintiffs

cannot simply provide general descriptions of supposedly false information, as they do in paragraph 30 of the Complaint.

In conclusion, Plaintiffs do not provide sufficient notice to Litton as to the nature and basis of the claims for negligent and intentional misrepresentation. Moreover, the Complaint does not provide Litton with any notice as to the bases of the claims, as it fails even to describe the substance of the supposed misrepresentations. Thus, Plaintiffs' Fifth and Sixth Claims for Relief fail even under the notice pleading standard. Under the heightened pleading standard that is applicable pursuant to Rule 9(b), the Complaint falls far short of stating claims for negligent and intentional misrepresentation. The Court should therefore dismiss these claims for relief pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### 6. Plaintiffs fail to state a claim for breach of the implied covenant

Plaintiffs' claim for the breach of the implied covenant of good faith and fair dealing states that "Plaintiffs had oral and/or written agreements with all the Defendants, and/or through the laws of agency, all the Defendants were bound by the agreements, oral or written made by and between Defendants to Plaintiffs." See Compl. at ¶ 35. Plaintiffs then claim that the defendants breached their duties of good faith. Id. at ¶ 37. Plaintiffs' allegations are insufficient to provide adequate notice to Litton of the nature of their claim for breach of the implied covenant of good faith and fair dealing. Plaintiffs do not give any specific examples of either oral or written contracts that they have entered into with **any** of the defendants. Plaintiffs merely state, in a convoluted fashion, that it may be the case that they have only entered into either an oral or a written contract with only one defendant but, through the laws of agency, all Defendants are somehow bound under that one contract. Id. at ¶ 35.

An implied covenant of good faith and fair dealing is recognized in every contract under Nevada law. Pemberton v. Farmers Ins. Exchange, 109 Nev. 789, 792-793, 858 P.2d 380, 382 (1993). To form a contract, there must be offer, acceptance and consideration. Plaintiffs do not provide even a base allegation that any party made an

offer to any other party that was capable of acceptance. No consideration is cited for said acceptance. Plaintiffs simply posit that an indefinite number of agreements were formed between Plaintiffs and/or one or more of the defendants. Id.

Plaintiffs then assert that each agreement between the defendants and Plaintiffs required that the defendants deal fairly and in good faith with Plaintiffs and not seek to take undue advantage of Plaintiffs in their "weakened bargaining position and with Plaintiffs' lesser knowledge, skill, education, and training regarding the loan transactions." Id. at 36. Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing breaks down on this point. No defendant could have taken advantage of Plaintiffs' "weakened bargaining position" prior to the formation of a contract with Plaintiffs or, in other words, during the parties' negotiations relating to the formation of any contracts that were actually entered into. Prior to the formation of a contract, there is no implied duty of good faith and fair dealing. The implied duty of good faith and fair dealing arises **after** the formation of the contract. See A.C. Shaw Constr. V. Washoe County, 105 Nev. 913, 914, 734 P.2d 9, 9 (1989).

Plaintiffs can prove no set of facts which, if accepted by the Court, would entitle them to relief under this claim because no pre-contractual duty of good faith and fair dealing exists in either statutory or common law. The implied duty of good faith and fair dealing only arises after the formation of the contract. Accordingly, Plaintiffs' claim for breach of the covenant of good faith and fair dealing should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

7. **Plaintiffs fail to state a claim for unfair lending practices**

Plaintiffs' Ninth Claim for relief (for unfair lending practices) fails to state a claim against Litton. This claim refers to the original lending process in which Litton was not involved. In addition, the Complaint does not allege any facts that would, if true, constitute a violation of Nev.Rev.Stat. § 598D.100 by Litton.

Plaintiffs' claim for violation of the Nevada Unfair Lending Practices Act is premised on the contention that Defendants funded the loan without determining

Plaintiffs' ability to repay. See Compl. at ¶ 56. However, Plaintiffs admit that Litton neither originated nor funded the loan. Id. at ¶¶ 3-4. Litton was simply the "loan servicer, or Trustee or Beneficiary." Id. at ¶ 4. Litton was not involved in originating or funding loans. Id. at ¶ 3. Plaintiffs' claim therefore fails against Litton.

In addition, Plaintiffs' unfair lending practices claim does not meet the pleading requirements under the applicable rules. Plaintiffs' claim for violation of the Nevada Unfair Lending Practices Act is premised on the contention that the defendants funded the loan "without determining, using commercially reasonable means or mechanisms, that the borrower had the ability to repay the home loan." See Compl. at ¶ 56. These averments merely restate, verbatim, the Nevada unfair lending practices statute. See Nev.Rev.Stat. § 598D.100(1)(b). Plaintiffs do not allege any facts that would actually constitute a violation of the statute, nor do they explain how Litton (or any other defendant) breached any duties under the act. In fact, Plaintiffs' loan was originated and funded by new Century Mortgage. As such, the Complaint does not allege any facts that would, if true, constitute a violation of NRS § 598D.100 by Litton.

The Complaint merely states that the defendants violated NRS 598D. See Compl. at ¶ 55. However, it is inappropriate to assume that a plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). Moreover, the court "need not assume the truth of **legal conclusions cast in the form of factual allegations**." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n. 2 (9th Cir.1986) (emphasis added).

Even if the allegations were sufficient, Plaintiffs are still unable to state a claim against Litton under the statute as a matter of law. Accordingly, Plaintiffs' claim fails to state a claim upon which relief can be granted. This Court should therefore dismiss Plaintiffs' Ninth Claim for Relief pursuant to Fed.R.Civ.P. 12(b)(6).

///

### 8. Plaintiffs' request for injunctive relief should be dismissed as well

Plaintiffs' Eight Claim for Relief (for restraining a wrongful foreclosure) merely states a remedy that is premised on the viability of Plaintiffs' other claims. Since Plaintiffs' other claims should be dismissed for failure to state a claim, Plaintiffs' remaining claim should be dismissed as well.

This claim also fails as a matter of equity because Plaintiffs have not been equitable. Nowhere in Plaintiffs' Complaint do they allege an attempt to tender the full amount owed on the note. This is fatal to Plaintiffs' claim.

If a borrower who has defaulted on payments requests that a court exercise its equitable powers in granting declaratory or injunctive relief, the borrower must first "do equity" herself. Nolm, LLC v. County of Clark, 120 Nev. 736, 743, 100 P.3d 658, 663 (2004); Overhead Door Co. of Reno, Inc. v. Overhead Door Corp., 103 Nev. 126, 127, 734 P.2d 1233, 1235 (1987). Plaintiffs have no standing to challenge a foreclosure sale because they failed to tender payment when due. See, e.g., FPCIRE-HAB 01 v. E & G Invs., Ltd., 207 Cal.App.3d 1018, 1021 (1989); Arnolds Mgmt Corp. v. Eishen, 158 Cal.App.3d 575, 577 (1984). The tender rule is strictly enforced and, absent an alleged and actual tender, the Complaint in its entirety fails to state a claim upon which relief can be granted. See Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal.App.3d 112, 1127 (1971).

Plaintiffs have not tendered, nor have they offered to tender, the full amount owing under the note. Without such payment, Plaintiffs have no standing to obtain equitable relief, i.e., injunctive relief. Moreover, Plaintiffs' equitable claim merely states a remedy that is premised on the viability of Plaintiffs' other claims. Since Plaintiffs' other claims should be dismissed for failure to state a claim, Plaintiffs' claim for an injunction should be dismissed as well. Based on the foregoing reasons, the Court should deny Plaintiffs' request for injunctive relief.

### C. The Court Should Strike Plaintiffs' Prayer for Punitive Damages

Federal Rule 12(f) permits the Court to strike allegations that are "immaterial, impertinent or scandalous." See Fed.R.Civ.P. 12(f). The Court should strike Plaintiffs'

claim for punitive damages pursuant to Rule 12(f). As stated above, Plaintiffs have failed to state a claim for misrepresentation, which is the only claim for which Plaintiffs asserts that they are entitled to punitive damages. This Court should therefore strike Plaintiffs' punitive damages claim in the prayer (see Compl. at Prayer ¶ 2) as immaterial.

## IV.
## CONCLUSION

Based on the foregoing, Litton requests dismissal without leave to amend of Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

DATED this 4th day of May 2009.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

/s/ Shane Jasmine Young
_____
Stanley W. Parry, Esq.
Nevada Bar No. 1417
Shane Jasmine Young, Esq.
Nevada Bar No. 9457
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
100 City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
Attorneys for Defendant,
Litton Loan Servicing

**CERTIFICATE OF SERVICE**

Pursuant to Fed.R.Civ.P. 5(b), I hereby certify that on the 4th day of May, 2009, a true and correct copy of the foregoing **MOTION TO DISMISS** was served to the following in the manner set forth below:

Gabriel Adefris
and Emebet K. Mengesha
5912 Fly Fisher
Las Vegas, Nevada 89113

Plaintiffs in Proper Person

[ ] Hand Delivery

[ ] Facsimile Transmission

[X] U.S. Mail at Las Vegas, Nevada, first-class postage prepaid

[ ] Certified Mail, Receipt No. _____, return receipt requested

/s/ Sarah Walton
An employee of
BALLARD SPAHR ANDREWS & INGERSOLL, LLP

DMWEST #7046727 v1                              20