NEAL O. CHAMBERS, NSB 8021
JOEL G. SELIK, NSB 402
CHAMBERS & SELIK, LLP
1055 E. Tropicana Avenue
Suite 399
Las Vegas, NV 89119
(702) 891-8400
Email: SelikLaw@aol.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL ADEFRIS and EMEBET K. MENGESHA<br><br>Plaintiffs,<br><br>vs.<br><br>NEW CENTURY MORTGAGE CORPORATION, LITTON LOAN SERVICING, NATIONAL DEFAULT SERVICING CORPORATION, and DOES I-X, ROES I-X inclusive<br><br>Defendants | Case No.: 2:09-cv-00730<br>Nevada District Court Case No.: A582392<br>Dept. No.: XI<br><br>DATE:<br>TIME:<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

## BACKGROUND FACTS

Plaintiffs, Mr. Adefris and Ms. Mengesha bought a home in Las Vegas, hoping to have for themselves their little part of the American dream. Unfortunately, due to the collapse of the economy, Mr. Adefris had lost his job and luckily was able to find another with a considerable decrease in pay. Ms. Mengesha also became a victim of the economy and has had her hours at work reduced drastically. To add to these unfortunate circumstances, Ms. Mengesha's mother fell ill and has turned to her daughter and son in law for assistance. As a result of the Plaintiff's hardships, they had exhausted all of their resources and income and were forced to contact their Lender, Litton Loan Servicing in hopes of modifying their mortgage. Unfortunately this request was not responded to.

We also know, one of the things that led up to the collapse of the real estate market and the Las Vegas, as well as the United States and Global economy was that real estate lenders, all along the system misrepresented themselves to borrowers, to the insurers and throughout the system. There were violations of RESPA, Real Estate Settlement Procedures Action (12 USC 2601 et seq), TILA, Truth In Lending Act, (15 USC 1601 et seq., 12 CFR Part 226-Regulation Z), and many other laws and common law torts and violations.

Additionally, our new President has enacted loans that have allowed homeowners who are "upside down" (they owe more on their home mortgage than the value of the property) to renegotiate the loan in loan modification. To do this loan modification, it is required to get the mortgage holder(s) to the negotiating table, not always an easy task to do. If they will not speak to the homeowners' representatives, the loan modification laws cannot be carried out. For all these reasons, it is often necessary for the homeowners to file suit against the lender, mortgage holder and others.

OTHER DEFENDANTS IN THIS CASE: The Does and/or Roes in this case are the actual broker and the broker's employees, the lender, and the lenders' employees and others who were involved and made misrepresentations and actually violated the laws. It is expected, when the identity of these persons is learned, leave to amend will be sought, and it may be necessary to have remand to State Court for lack of diversity.

In the case at bar, defendants are responsible for the violation of a number laws, and for inducing Plaintiffs to trust defendants, that defendants had Plaintiffs' best interest at heart, knew what were the best loans and would make sure they got the best loans. That, of course, did not happen.

## NOTICE PLEADING IS REQUIRED FOR ALL BUT SPECIFIC PLEADINGS, SUCH AS FRAUD (6TH CAUSE OF ACTION), AND PLAINTIFFS HAVE ADEQUATELY PLED FACTS FOR EACH CAUSE OF ACTION

Federal Rule of Civil Procedure Rule 8 states the general rule of pleading that a Complaint need contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Notice pleading" is all that is required unless pleading a special matter as delineated in FRCP Rule 9. *Doe v See* (2009) 557 F.3d 1066, 1073-1074. If one pleads fraud it must be pled with particularity. FRCP 9.

The case of *Doe v See* (2009) 557 F.3d 1066 cited the case relied upon very heavily by defendant in the case at bar, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). The Court in *Doe v See* cited *Twombly* for the proposition that nothing more is required other than a short and plain statement unless a special matter is alleged:

> Under notice pleading rules, we require only "a short and plain statement" of the grounds for jurisdiction and the claim for relief. Fed.R.Civ.P. 8(a)(1), (2); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). We do not impose a heightened pleading standard in the absence of "an explicit requirement in a statute or federal rule," *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir.2007);

In the very recent United States Supreme Court Case of *Ashcroft v. Iqbal*, (May 18, 2009) --- S.Ct. ----, 2009 WL 1361536, the Court held that specific facts must be pled to allow the trial court to draw a reasonable inference that that the defendant is liable for the misconduct alleged.

In the case at bar, Plaintiffs have pled basic facts for the negligence and other causes of action, and pled the specific matters, where needed, with the requisite particularity.

If the Court finds that there is anything missing in Plaintiffs' Complaint, it is requested that leave be given to amend the Complaint (leave to amend is almost always allowed to cure defect as justice requires, *Firestone v. Firestone* (1996) 76 F.3d 1205, 1209.

## PLAINTIFF'S FIRST CAUSE OF ACTION ADEQUATELY PLEADS FACTS FOR A CAUSE OF ACTION OF SUITABILITY

Defendant argues there is no cause of action for suitability in Nevada and that Plaintiff does not plead adequate facts if there was such a cause of action.

There has been no Nevada case yet to hold that lenders and related entities are or are not liable under a "Suitability" cause of action. To argue that Suitability is a stranger to being a cause of action and is only an arcane (to this writer) reference dealing with state regulatory law is, of course, inaccurate. Suitability has been one of the major causes of action in the causes of action against Stock Brokerages for years. See, for example, Am Jur's Proof of Facts, *Proof of Unsuitable and Unauthorized Trading By Securities Brokers*, 28 Am. Jur. Proof of Facts 3d 87.

Suitability is what put contributed to the financial fiasco the United States, and the world is in. Greedy money lenders making subprime loans, to people who do not qualify—people who are not suitable.

Suitability as a cause of action has been called for for years. See, Kathleen C. Engel and Patricia A. McCoy, *A Tale of Three Markets: The Law and Economics of Predatory Lending*, 80 Tex. L. Rev. 1255, and in particular, at 1317, "Suitability" 2002. It is finally taking root. In a New Jersey case, that is not officially reported, : *Leff v. EquiHome Mortgage Corp.*, the Federal

District Court confirmed a jury verdict that included awards for a claim of violating the New Jersey Consumer Fraud Act for soliciting a mortgage that was unsuitable for the borrower.

Suitability is a recognized cause of action in securities and should be a recognized cause of action here.

## PLAINTIFFS PLED FACTS THAT PROPERLY GIVE GIVE A NOTICE PLEADING OF NEGLIGENCE AGAINST DEFENDANTS

Defendants complain that the 2nd Cause of Action for Negligence does not state a cause of action against defendant because there is no cause of action for negligence against a money lender in Nevada where all that is pled is the standard money lending transaction. But what is alleged here is actions that are beyond what a lender should do, for example, paragraphs 12 and 13, defendants failed to do their duty to determine if the loan was appropriate and then find the proper loan; paragraphs, that defendants provided untruthful information upon which Plaintiffs would make their decisions; that defendants intentionally misrepresented the nature of the loans. There are additional facts that Plaintiffs could have but did not plead. These actions were not just within the normal actions of a lender and were not the cause of only economic damage.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) the US Supreme Court simply held that some facts are required, FRCP 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level."

Each element is not required to be pled, and a full recitation of each fact is not required. It is enough to give facts that bring the "right to relief above the speculative level." Id. "A well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely'." Id, citing Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### PLAINTIFF ADEQUATELY PLEAD FACTS TO ADEQUATELY NOTICE-PLEAD THE THIRD CAUSE OF ACTION FOR NEGLIGENCE PER SE

Defendant complains that Plaintiffs did not state what statues were violated. In support of defendants position that the statutes have to be provided in the complaint, as opposed to in discovery, defendant is only able to provide one case, and that case is from Kansas. The other cases cited by defendant, Blinn v Smith & Nephew Richards (1999) 55 F.Supp.2d 1353, and Ashwood v Clark County (1997) 113 Nev. 80 were not Motion to Dismiss cases but were both Summary Judgment cases, and, thus, not applicable as to what needs to be pled.

The Kansas Federal case, Holler v Cinemark USA, Inc. (2002) 185 F.Supp.2d 1242, did hold that, with no Kansas rule or case on point, the Kansas Federal Court would so hold. Such is not precedential here. Defendants, and their attorneys, are sophisticated financial professionals and are familiar with the laws. Further, such information can be obtained through discovery.

Here, Plaintiff adequately pled the statutes were violated, that Plaintiff suffered from the violations. This adequately puts defendants on notice of the claim, satisfies FRCP 8 "a

short and plain statement of the claim showing that the pleader is entitled to relief." If particular statutes are required to be pled, leave to amend is requested to be provided.

## PLAINTIFFS' FOURTH CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY IS PROPERLY NOTICE-PLED

Defendant next complains that Plaintiffs Fourth Cause of Action for Breach of Fiduciary duty fails as, defendant claims, there was no fiduciary duty. While perhaps not the paragon of pleading specificity, Plaintiffs did plead that defendants were providing advice as to what loans Plaintiffs should take. See paragraphs 12, 13. Certainly, Plaintiffs have alleged it is beyond what defendants stated in the Motion that it is beyond what is an ordinary lender.

THE FIFTH & SIXTH CLAIMS FOR RELIEF,

## NEGLIGENT & INTENTIONAL MISREPRESENTATION (FIFTH & SIXTH CAUSES OF ACTION), ARE ADEQUATELY PLED TO WITHSTAND DISMISSAL, IN THE ALTERNATIVE, LEAVE IS REQUESTED TO AMEND

Fraud must be pled with particularity, per FRCP 9:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. [Emphasis added]

The elements of fraud are determined by State law in diversity cases, but the rules of pleading with particularity are determined by Federal Law and FRCP 9. *Moore v. Brewster* (9th Cir. 1996) 96 F.3d 1240, 1245-1246; *United States ex rel. Rost v. Pfizer, Inc.* (1st Cir. 2007) 507 F.3d 720, 731, fn. 8; *Arnold & Assocs., Inc. v. Misys Healthcare Systems* (D AZ 2003) 275 F.Supp.2d 1013, 1028.

The facts of the fraud/intentional misrepresentation are pled as defendants' failure in misrepresenting the nature of the loans that they had sold to Plaintiffs. See paragraphs 9, 12, 13. While clearly not of the detail of an ideal pleading, it identifies that defendants made the representations (defendants have the superior knowledge as to who in their companies dealt with Plaintiff, and what the representations were regarding. The Complaint provides adequate facts to meet specificity, if just barely, to meet Rule 9.

If the Court rules that this Cause of Action is not pled with adequate specificity, Plaintiff requests leave to amend to state facts with specificity. Leave is generally granted in the furtherance of justice. *Firestone v. Firestone* (1996) 76 F.3d 1205, 1209.

### THE COMPLAINT ADEQUATELY PLEADS FACTS IN THE SEVENTH CAUSE OF ACTION FOR BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Defendant complains there is not adequate notice for the Seventh Cause of Action for the Breach of Covenant for Good Faith and Fair Dealing it does not say what the contracts or breaches are. But, throughout the Complaint, Plaintiff describes the agreements entered into and the breaches that defendants did. Further than that, discovery will provide the details that defendant needs.

### PLAINTIFF PROPERLY PLED HIS NINTH CAUSE OF ACTION FOR A CAUSE FOR UNFAIR LENDING PRACTICES

Defendant's complaints about Plaintiff's First Cause of Action are the same as Defendant's complaints against the Second, Third, Fifth, and Eighth, that there are not specific

allegations in that Plaintiff does not say how defendants violated the act; Plaintiff does not say that defendant made loan "based solely upon equity in the home property" (language from the statute), that Plaintiff failed to allege it was a home loan and other failures. Here, Plaintiff alleged that it was a "home loan" (paragraph 34, line 1) and alleged that defendants violated this statute. By implication, Plaintiff is alleging the loan fit under the statute. The pleading is adequate for notice pleading.

## CONCLUSION

As the fraud and other causes of action are proper, the prayers for punitive damage and injunctive relief are proper.

Plaintiff adequately met the burden under FRCP 8 of notice pleading. As to the more particular pleading of fraud, and other matters, Plaintiffs pled, or implied facts that get by the pleading stage. If not, it is requested the Court allow leave to amend for Plaintiffs to plead facts on any causes of action needing amendment.

DATED: May 22, 2009

/s/
NEAL O. CHAMBERS, NSB 8021
JOEL G. SELIK, NSB 402
CHAMBERS & SELIK, LLP
1055 E. Tropicana Ave.
Suite 399
Las Vegas, NV 89119
(702) 891-8400
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

ATTACH NOTICE OF ELECTRONIC FILING

On DATE: May 22ND, 2009 I served the foregoing ** OPPOSITION TO MOTION TO DISMISS ** By the following means on the following persons:

UNITED STATES MAIL, POSTAGE PREPAID:

J. Christopher Jorgensen, Esq.
Diana S. Erb, Esq.
Lewis & Roca, LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV 89169

By /s/ Kathleen Brown
Kathleen Brown
CHAMBERS & SELIK, LLP
1055 E. Tropicana Ave., Suite 399
Las Vegas, NV 89119
(702) 891-8400
Attorneys for Plaintiffs