Stanley W. Parry, Esq.
Nevada Bar No. 1417
Shane Jasmine Young, Esq.
Nevada Bar No. 9457
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
100 City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070

Attorneys for Defendant,
Litton Loan Servicing

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL ADEFRIS and EMEBET K. MENGESHA,<br><br>            Plaintiff,<br><br>vs.<br><br>NEW CENTURY MORTGAGE CORPORATION, LITTON LOAN SERVICING, NATIONAL DEFAULT SERVICING CORPORATION, and DOES I-X, ROES I-X inclusive,<br><br>            Defendants. | CASE NO. 2:09-cv-00730- ECR-RJJ<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**and**<br><br>**MOTION TO STRIKE**<br><br>**(Formerly Case No. A582392 in the Eighth Judicial District Court, Clark County, Nevada)** |

Defendant Litton Loan Servicing ("Litton") hereby submits its reply in support of its Motion to Dismiss Plaintiffs Gabriel Adefris and Emebet K. Mengesha's ("Plaintiffs") Complaint (the "Complaint") for failure to state a claim upon which relief can be granted.

This reply is based on the pleadings and papers on file herein and on the following Memorandum of Points and Authorities.

///

///

///

///

DMWEST #7127009 v1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs' Opposition fails to resolve the pervasive ambiguities and erroneous legal theories that plague the Complaint. Plaintiffs' Complaint -- a vague, non-committal document that fails to provide Litton any notice of the nature and basis of the claims contained therein -- fails as a matter of law. The Complaint alleges numerous "claims" that either do not exist as recognized causes of action, or else are entirely inapplicable to Litton and this case. The Complaint and Opposition fail to take into account Litton's role as a loan servicer, which precludes Plaintiffs' claims against Litton. Simply stated, the Complaint fails to state a claim upon which relief can be granted. Plaintiffs' Opposition is equally vague and inadequate. Accordingly, the Court should dismiss Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

## II.

## LEGAL ARGUMENT

**A.   Summary of Argument**

Each one of Plaintiffs' claims should be dismissed for the following reasons:

   **(1)   Suitability --** In response to Litton's point that suitability is not a recognized claim against a mortgage lender or servicer, Plaintiffs could do no better than to cite to a Texas law review article and an unreported New Jersey case that do not support Plaintiffs' claim that a duty of suitability exists. **Plaintiffs were unable to cite to a single case or statute supporting a suitability duty on the part of Litton**. As set forth in Litton's Motion -- **and conceded to by Plaintiffs** -- there is no duty of suitability in Nevada. Plaintiffs' suitability claim fails as a matter of law and should be dismissed with prejudice.

   **(2)   Plaintiffs' remaining claims for negligence, negligence per se, breach of fiduciary duty, negligent and intentional misrepresentation, breach**

**of the implied covenant of good faith and fair dealing, unfair lending practices, and restraining a wrongful foreclosure --** These claims all fail for the sound and well-supported reasons set forth in Litton's Motion. Plaintiffs submit no factual allegations or authority in support of these claims and allow Litton's arguments to go uncontested, mistakenly assuming that their Complaint was adequate to overcome Litton's defense.

In light of these deficiencies, Plaintiffs' Complaint fails to state any legally cognizable claims against Litton. The Complaint should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**B.   Plaintiffs Cannot Overcome the Motion to Dismiss**

   **1.   Plaintiffs fail to state a claim for suitability**

In their Opposition, Plaintiffs were unable to cite any authority in support of their First Claim for Relief (Suitability). Nor did Plaintiffs address Litton's unique status as a subsequent servicer and how the purported suitability duty extends to Litton. As set forth in Litton's opening memorandum, Litton subsequently serviced the loan at issue and was not involved in the origination or funding of the loan. As such, the allegations contained in Plaintiffs' one-paragraph "Suitability" claim is inapplicable to Litton.

Plaintiffs also have no answer to Litton's point that their suitability claim is not available as a cause of action -- and **they even admit** that "[t]here has been no Nevada case yet to hold that lenders and related entities are or are not liable under a 'Suitability' cause of action." See Opp. at 4:15-16. There is not a single case from Nevada -- or from any other state -- that holds that lenders or servicers owe suitability duties to borrowers. Moreover, there is not a single statute or regulation in Nevada imposing a suitability duty on Litton. Simply stated, **the suitability duty alleged by Plaintiffs does not exist**. Plaintiffs were unable to address any of these issues in their Opposition.

Plaintiffs' argument that "[s]uitability is a recognized cause of action in securities and should be a recognized cause of action here" is unavailing. See id. at 5:3-4. While securities broker-dealers are subject to a suitability duty, the same is not true of lenders,

and even more attenuated in the case of servicers like Litton. The suitability duty applicable to broker-dealers arose after passage of the Securities Exchange Act of 1934 (the "Exchange Act"), which directs national securities associations to establish and enforce rules to regulate member-broker-dealers. See 15 U.S.C. § 78o-3. The National Association of Securities Dealers ("NASD") has enacted a suitability rule. See NASD Rule 2310. NASD Rule 2310, and similar rules promulgated by other self-regulatory organizations that do business in the securities markets, are the only organizations that have enacted suitability requirements.[1] There is no self-regulating organization in the home mortgage lending sector with a suitability rule comparable to NASD Rule 2310. In fact, despite having enacted a myriad of statutes designed to protect the rights of consumer-borrowers (e.g., the Truth in Lending Act, Equal Credit Opportunity Act, Real Estate Settlement Practices Act, etc.), **Congress has declined to impose a suitability requirement applicable on mortgage lenders and servicers**. The Nevada Legislature also has not enacted a suitability rule.

Faced with the absolute dearth of legislative and judicial authority for their suitability claim, Plaintiffs can do no better than cite a Texas law review article published in 2002. The article relied-on by Plaintiffs is a scholarly piece that **recommends** that mortgage lenders be subject to suitability requirements -- the thesis of the article is that while mortgage lenders are **not currently** subject to a suitability requirement, the law should be changed in this regard. See Opp. at 4:24-25 and related citation. The article is not authoritative and in fact admits that current law does not impose a suitability duty on mortgage lenders (or servicers). What's more, Plaintiffs' article is not even representative of academic opinion; other scholars advocate against suitability in the home mortgage context:

---

[1] While the federal courts have found that SEC Rule 10b-5 implicitly prohibits a broker-dealer from intentionally or recklessly making an unsuitable recommendation to a securities client, this suitability requirement is grounded on federal statutory law -- i.e., the Exchange Act and SEC Rule 10b-5. There is no comparable federal statutory law in the housing or consumer lending sectors.

DMWEST #7127009 v1                                              4

> "[T]he suitability approach is flawed. . . [S]uitability is not conceptually consistent with the roles of a lender and borrower. . . Suitability, when used in the securities context, is ultimately just a method of ensuring that brokers are doing their job correctly when offering a security to a client. A stockbroker assumes the role of an agent and thereby assumes a fiduciary duty to act in the client's best interest. Therefore, the duty of suitability properly becomes part of the broker-investor relationship. Thus, the conceptual framework easily supports the duty of suitability. **<u>Lenders, however, are not the agents of the borrower</u>**. Lenders are the party at the other side of the table who exist primarily to further their own interests. . . To remove the right of a lender to act as a counterparty distorts the necessary dynamic through which efficient transactions can occur."

See Abraham B. Putney, <u>Rules, Standards, and Suitability: Finding the Correct Approach to Predatory Lending</u>, 71 Fordham L. Rev. 2101, 2128-29 (2003) (citations omitted) (emphasis added).

In conclusion, suitability is not a claim that can be stated against Litton. There is absolutely no case law or statutory law anywhere in the United States that would support Plaintiffs' suitability claim. For these reasons, Plaintiffs can prove no set of facts that would entitle them to relief on their suitability claim. Accordingly, the First Cause of Action (Suitability) should be dismissed with prejudice.

**2.     Plaintiffs fail to state a claim for negligence**

Plaintiffs' Opposition is completely silent as to how Litton, as a loan servicer, owes a negligence duty to Plaintiffs. Instead, Plaintiffs half-heartedly attempt to argue that they have pled facts that properly provide notice to the defendants. Even if that were true, the fact remains that Plaintiffs cannot state a claim for negligence against Litton as a matter of law. As already detailed in Litton's Motion, Plaintiffs' claim for negligence fails as a matter of law because the duties they postulates in paragraph 14 of the Complaint do not actually exist in the law. See <u>Nymark v. Heart Fed. Sav. & Loan Assn.</u>, 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53, 56 (1991).

Plaintiffs also neglect to address Litton's arguments regarding Nevada's economic loss doctrine, which precludes recovery in tort for purely economic losses. See <u>Calloway v. City of Reno</u>, 116 Nev. 250, 993 P.2d 1259 (2000). The doctrine bars Plaintiffs'

recovery under a negligence theory because Plaintiffs' purported damages are purely economic as this action arises entirely out of what Plaintiffs admit was a financial transaction. Based on the foregoing and the Motion on file, this Court should dismiss Plaintiffs' Second Claim for Relief for failure to state a claim upon which relief can be granted.

### 3. Plaintiffs fail to state a claim for negligence per se

Without providing any support for their position once again, Plaintiffs claim that they have pled facts sufficient in their Complaint to state a claim for negligence per se. In addition, Plaintiffs argue that "such information [i.e., what statutes were violated] can be obtained through discovery." See Opp. at 6:22-23.

Contrary to Plaintiffs' position, it is well-settled that a party may not use discovery to engage in a fishing expedition to determine if it has a claim. See, e.g., Rivera v. Nibco, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) (district courts need not condone the use of discovery to engage in fishing expeditions); Waldron v. Cities Service Co., 361 F.2d 671, 673 (2d Cir. 1966), aff'd, 391 U.S. 253 (1968) (denying discovery where plaintiff sought to engage in a "fishing expedition" in the hope that he could come up with some tenable cause of action).

A fishing expedition is precisely what Plaintiffs intend to embark on in an effort to discover facts to support their untenable claims. Plaintiffs, at a minimum, should be able to point to the statute that they claim Litton violated. Their inability to do so comes as no surprise as Litton has committed no violation against Plaintiffs.

Plaintiffs are not able to provide **any** information regarding the statute violated, the class of persons protected, the interests invaded, the harm they suffered, or the hazard from which their alleged harm resulted. These points are central considerations that pertain directly to the elements of negligence per se; even a simple analysis of the basis of Plaintiffs' claim would require information regarding these points. The Complaint therefore fails to state a claim for negligence per se and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### 4. Plaintiffs fail to state a claim for breach of fiduciary duty

Plaintiffs' one-paragraph response in support of their breach of fiduciary duty claim is less than mediocre and fails to address the authority cited in Litton's Motion. The simple, unrebutted fact remains that Litton did not owe Plaintiffs any fiduciary duty. See YeringtonFord, Inc. v. General Motors Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D. Nev. 2004), Oaks Management Corp. v. The Superior Court of San Diego County, 145 Cal.App.4th 453, 466, 51 Cal.Rptr. 561, 570 (2006)

Further, Plaintiffs have alleged no circumstances, let alone exceptional circumstances, that would give rise to Litton owing a fiduciary duty to Plaintiffs. Plaintiffs' allegations are not adequate to establish the existence of a fiduciary relationship between Plaintiffs and Litton. Plaintiffs do not even attempt to suggest that Plaintiffs placed a special confidence in Litton. As clearly established, the relationship between Litton, a mere loan servicer, and Plaintiffs, as borrowers, is even more removed than the typical lender-borrower relationship since borrowers do not repose any degree of confidence or reliance on a servicer. The Complaint's allegations are insufficient as a matter of law to create a special relationship, and Litton did not owe Plaintiffs any fiduciary duty. Plaintiffs' Fourth Claim for Relief should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### 5. Plaintiffs fail to state claims for intentional and negligent misrepresentation

Plaintiffs' Opposition unconvincingly argues that the misrepresentations stated in paragraphs 9, 12, and 13 of the Fifth Claim for Relief (for negligent misrepresentation) and Sixth Claim for Relief (for intentional misrepresentation) are adequate to survive dismissal. The only misrepresentations Plaintiffs refer to are "defendants' failure in misrepresenting the nature of the loans that they had sold to Plaintiffs." See Opp. at 8:1-7. Again, the purported misconduct was not committed by Litton as Litton was not involved in "selling" the loans to Plaintiffs. For the reasons laid out in Litton's Motion as well as the confirmation that the claims are not stated against Litton, Plaintiffs' claims for

intentional and negligent misrepresentation must be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### 6. Plaintiffs fail to state a claim for breach of the implied covenant

Plaintiffs' response to the legal arguments regarding the implied covenant is simply that Plaintiffs "described the agreements entered into and the breaches that defendants did" and that "discovery will provide the details that defendant needs." See Opp. at 8:18-20. This, however, is insufficient to state a claim for breach of the implied covenant of good faith and fair dealing against Litton.

In addition to the arguments already submitted, Litton reiterates its point -- **another point that Plaintiffs choose to overlook and let go unaddressed** -- that prior to the formation of a contract, there is no implied duty of good faith and fair dealing. All of the facts alleged relate to conduct that occurred prior to contract. Because the implied duty of good faith and fair dealing arises only **after** the formation of the contract, Plaintiffs' claim fails. See A.C. Shaw Constr. V. Washoe County, 105 Nev. 913, 914, 734 P.2d 9, 9 (1989).

### 7. Plaintiffs fail to state a claim for unfair lending practices

In support of their Ninth Claim for relief (for unfair lending practices), Plaintiffs' make the same arguments they do with respect to the other deficient claims -- that "[t]he pleading is adequate for notice pleading." See Opp. at 9:6-7. The Opposition completely fails to address how this claim could be made against Litton, who was not involved in the original lending process, or how Litton could have otherwise violated Nev.Rev.Stat. § 598D.100.

This claim, like the others, is premised on the contention that Litton funded the loan (without determining Plaintiffs' ability to repay). See Compl. at ¶ 56. However, Plaintiffs admit that Litton neither originated nor funded the loan. Id. at ¶¶ 3-4. Litton was simply the "loan servicer, or Trustee or Beneficiary." Id. at ¶ 4. Plaintiffs' claim therefore fails against Litton.

**C.     Plaintiffs' Requests for Injunctive Relief and Punitive Damages Fall Flat**

Litton submits on the filed briefs its arguments regarding injunctive relief and punitive damages as Plaintiffs' Opposition does nothing to revive these requests.

### III.

### CONCLUSION

Based on the foregoing as well as the papers on file, Litton requests dismissal without leave to amend of Plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

DATED this 5th day of June 2009.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

/s/ Shane Jasmine Young

Stanley W. Parry, Esq.
Nevada Bar No. 1417
Shane Jasmine Young, Esq.
Nevada Bar No. 9457
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
100 City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
Attorneys for Defendant,
Litton Loan Servicing